UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**JONES, CHARLES E.,**  CIVIL ACTION No._____
                                          COMPLAINT AND DEMAND
  Plaintiff.                              FOR JURY TRIAL

  v.

**JEFFERSON CAPITAL SYSTEMS LLC,**

  Defendant.

**RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC,**

  Defendant.

---

## I. INTRODUCTION

Mr. Charles Jones brings this civil action under the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq* (hereinafter FDCPA ). The Defendants willfully violated the Act in their efforts to collect a debt that they knew Mr. Jones had paid and settled with Jefferson Capital Systems in 2013.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S..C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district proper. The plaintiff resides in this jurisdiction and the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. The Plaintiff, Mr. Charles E. Jones, known hereinafter as Mr. Jones , is a natural person who resides in the City of Racine, County of Racine, in the State of Wisconsin and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

3. The Defendant, Jefferson Capital Systems, LLC., known hereinafter as Jefferson Capital is a Minnesota based corporation whose headquarters is in St. Cloud, Minnesota. The Defendant s principal business is the purchase and collection of consumer debt. *See* www.jeffersoncapitalsystemsllc.com

1

4.   The Defendant, Rausch, Sturm, Israel, Enerson & Hornik LLC, known hereinafter as "Rausch Sturm" is a Wisconsin based law firm which is headquartered in Milwaukee, Wisconsin. The Defendant's principal business is the collection of consumer debt. *See* www.rsieh.com

5.   Both Defendants are engaged in the collection of debts from consumers through the use of mail and/or telephone. Defendants regularly attempt to collect consumer debts on behalf of other entities. Defendants are "Debt Collectors" as defined by the FDCPA 15 U.S.C. §1692(a)(6).

## IV. FACTUAL ALLEGATIONS

6.   In 2013, Mr. Jones had a AT&T Universal Rewards Master Card issued by Citibank N.A. As of September 11, 2013, there was an outstanding balance of $ 6,781.05 owed on this account. This is a consumer debt as defined by 15 U.S.C. 1692(a)(5) (*See Exhibit 1.* Offer of Settlement dated September 11, 2013).

7.   On September 11, 2013, Vision Financial Corporation sent Mr. Jones an Offer of Settlement stating that Jefferson Capital had purchased his "account and all rights to the debt receivable from" his AT&T Universal Rewards Master Card. The Offer of Settlement further stated that "Vision Financial Corporation had been authorized to communicate ....an offer...to resolve the outstanding debt". *(See Exhibit 1).*

8.   In its Offer of Settlement, Vision Financial stated that "Jefferson Capital Systems, LLC will accept $3,012.42 due 9/26/13 to resolve this debt. ...Once payment is processed and applied to the account, the account will be considered Settled in Full. You will be released from any further financial liability to Jefferson Capital Systems, LLC concerning repayment of this account." (*See Exhibit 1).*

9.   Mr. Jones agreed to the proposed settlement offer and on September 20, 2013 paid the agreed upon amount of $ 3,012.42 to Vision Financial. (*See Exhibit 2.* ACH transcript of payment to Vision Financial.)

10.   Jefferson Capital did not honor the agreement. It hired the law firm of Rausch, Sturm, Israel, Enerson & Hornik, LLC to collect the remaining balance owed on the AT&T Universal Rewards Master Card. debt that had been settled in full.

11.   On December 19, 2014, the Defendants filed a small claims action (case number 14-SC4936) in Racine County Circuit Court, State of Wisconsin seeking payment of $ 3,768.63, "plus interest, costs, attorneys fees and any and such other relief as the court deems proper". The complaint expressly stated that the outstanding balance due was a result of Mr. Jones being in default on the payment of his AT&T Universal Rewards Master Card. (*See Exhibit 3.* Complaint filed in small claims action).

2

12.     On January 15, 2015, a hearing was held in Racine County Small Claims Court.  Mr. Jones and a lawyer from Rausch Sturm representing their client, Jefferson Capital, appeared.  Mr. Jones provided evidence of the settlement agreement and payment of the amount required for settlement of the debt owed to Jefferson Capital as purchaser of his  AT&T Universal Rewards Master Card.  *(See Exhibits 1 and 2.)*

13.     This small claims case required Mr. Jones to take off from work and attend three separate hearings, January 15, 2015; February 12, 2015; and March 12, 2015. (*See Exhibit 4.*  Case 14-SC-4936 docket from the Wisconsin Circuit Court Access website).

14.      At the March 12, 2015, hearing,  Rausch Sturm, on behalf of its Client moved to dismiss the case without prejudice.  An Application and Order for dismissal., without prejudice, was filed on April 7, 2015.  The court signed the order of dismissal on April 10, 2015. (*See Exhibit 5.* Application and Order.)

15.     On July 16, 2015,  Defendants, Rausch Sturm and Jefferson Capital,  once again tried to collect the very same debt from Mr. Jones.  They filed a second civil action in Racine County Small Claims Court as case  15-SC-2570.  (*See Exhibit 6.  Second Complaint filed* ).

16.     The Defendants intentionally misrepresented the character of this debt by now stating that the debt was owed to Citibank N.A., which had issued the AT&T Universal Rewards Mastercard.  Defendants claim sought payment of $ 3,768.63, the identical amount claimed by Defendants in the earlier small claims, case 14-SC-4936.   The Defendants, Jefferson Capital and Rausch Sturm, were attempting again attempting to collect a debt that was not owed.  (*See Exhibit 6.)*

17.     On August 13, 2015, the initial hearing on the second small claims case was held.  As in the first small claims case, both  Mr. Jones and a lawyer from Rausch Sturm appeared.  Mr. Jones again provided evidence to support his defense that the debt was paid, settled and satisfied.  The case was adjourned to September 10, 2015. (*See Exhibit 7.*  Case 15-SC-2570  docket on Wisconsin Circuit Court Access website).

18.    On August 13, 2015, Rausch Sturm again filed an Application and Order for Dismissal. The Order was signed on August 19, 2015.   *(See Exhibit 8 .*  Application and Order).

19.      As a result of the Defendants  Intentional Infliction of Emotional Distress, Plaintiff suffered embarrassment and public humiliation, loss of privacy, loss of sleep, stress, loss of pay as a result of having to take time off from work to appear and defend himself against these fraudulent lawsuits.

3

# V. CLAIM FOR RELIEF

20. The Plaintiff repeats and re-alleges and incorporates by reference all of the foregoing paragraphs.

21. The Defendants violated the FDCPA. Defendants violations, include but are not limited to, the following:

**§1692e(2)(A):** *A Debt Collector may not misrepresent the character, amount or legal status of any debt.*

The Defendants intentionally violated this section of the Act by trying to collect a debt they knew Plaintiff had paid and settled as a result of an offer of settlement issued by Jefferson Capital. Defendants second small claims complaint, filed July 16, 2015, intentionally misrepresented the character, amount and legal status of the debt purportedly owed by Plaintiff.

**§1692(d):** *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

The Defendants violated this section of the Act by utilizing the state civil court system as an instrument to harass, intimidate, abuse and oppress Plaintiff. Defendants filed not one but two small claims actions in bad faith and in the hope that the threat of a lawsuit would make Mr. Jones capitulate and make additional payments, conceivably the entire amount of the debt forgiven by Jefferson Capital System as part of the settlement they entered into three years previously.

22. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff, Charles E. Jones, for a declaratory judgment that the Defendants conduct violated the FDCPA, together with actual damages, statutory damages, costs and attorney s fees.

**WHEREFORE,** Plaintiff, Charles E. Jones, respectfully requests that judgment be entered against the Defendants, Jefferson Capital Systems, LLC and Rausch, Sturm, Israel, Enerson & Hornik LLC for the following:

    A. Declaratory Judgment that the defendant s conduct violated FDCPA;
    B. Actual Damages;
    C. Statutory Damages pursuant to 15 U.SC. § 1692k;
    D. Costs and reasonable attorneys fees purusuant to 15 U.S.C. 1692k; and
    E. For Such other and further relief as the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff demands a trial by jury in this civil action.

Dated this 20th day of June 2016 .

                                                        Respectfully Submitted,

                                                        The Michelson Law Firm
                                                        Attorneys for the Plaintiff

                                                        /S/ Abraham Michelson
                                                          Abraham Michelson
                                                          State Bar No. 1054794

617 6th Street, P.O. BOX 67
Racine, WI 53401-0067
Phone: (262) 638-8400
Fax: (262) 638-1818
amichelson@michelsonlawracine.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## STATE OF WISCONSIN - U.S. DISTRICT COURT - EASTERN DISTRICT

Charles E. Jones, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil complaint is well grounded in fact, and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil complaint is not interposed for any improper purpose, such as to harass or cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the complaint.

5. I have filed this civil complaint in good faith and solely for the purposes set forth in it.

Dated this 20th day of June, 2016.

                                                          s/Charles E. Jones
                                                          Charles E. Jones

Signed and sworn to before me this
20th day of June , 2016

/s/ Abraham Michelson
Notary Public, Racine County, State of Wisconsin
My commission is permanent.